**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

CALVIN D. WALTERS,

                Plaintiff,

v.                                   CIVIL  ACTION  NO.  3:06-0430

DOCKS CREEK TERMINAL, LLC, a limited
liability corporation; DICKERSON
MANAGEMENT SERVICES, INC., a
corporation; and AQUILA DOCK, INC., a
corporation,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a motion by Defendant Dickerson Management Services, Inc.

(Dickerson Mgmt.) for summary judgment (Doc. 43).  Finding that there are genuine issues of

material fact inappropriate for resolution on summary judgment, this Court **DENIES** the motion.

**Background**

The plaintiff, Calvin Walters, was hired by Defendant Dickerson Mgmt. to work as a

deckhand on the M/V Heritage.  In the course of his work Walters was regularly required to jump

from empty to loaded barges.  Because the loaded barges sat lower in the water, these jumps were

from a height of nine to twelve feet onto a coal pile or deck on the loaded barge.  Walters alleges

that the repetitive and unsafe nature of these jumps resulted in lower back injury.  On December 11,

2003 Walters underwent lumbar spine surgery.  Walters filed this action for recovery against the

named defendants, all of which were his alleged employers at some point during his work on the M/V Heritage.

Dickerson Mgmt. argues that it cannot be held liable to Walters because there was no employment relationship between the two parties  In the alternative Dickerson Mgmt. argues that it is entitled to partial summary judgment on the claim of unseaworthiness because it was neither the actual owner nor owner *pro hac vice* of the vessel.  While Dickerson Mgmt. admits to hiring the plaintiff, it contends that it is only a nominal employer, a status insufficient for liability.   In support of its contentions, Dickerson Mgmt. offers an affidavit by Chris Dickerson.  Chris Dickerson stated that Dickerson Mgmt. hired the plaintiff, but only pursuant to a labor contract between Dickerson Mgmt. and Aquila Dock.   Chris Dickerson averred that Dickerson Mgmt. was not responsible for the day to day activities of the plaintiff and that it did not have control over the number of employees hired for Aquila Dock.  According to Chris Dickerson, oversight of day to day duties of the plaintiff was the responsibility of Aquila Dock employees who maintained direct supervisory control over the plaintiff – Kenny Butcher and John Spencer.  Finally, Chris Dickerson stated that Dickerson Mgmt. had no ownership interest in the M/V Heritage.

The plaintiff counters that there was a sufficient connection between himself and Dickerson Mgmt. to constitute an employer/employee relationship.  In addition to pointing out that he received a paycheck and benefits from Dickerson Mgmt., he disputes many of the factual statements offered by Chris Dickerson.  The plaintiff testified that Kenny Butcher and John Spencer were employees of Dickerson Mgmt., as was the M/V Heritage's pilot, Henry Woody.  The plaintiff also stated that Chris Dickerson was one of his supervisors, and periodically handed out work through Butcher, Spencer or Woody.   The plaintiff testified that he repeatedly complained about the working

conditions to Chris Dickerson, under the impression that Chris Dickerson had the authority to hire additional deckhands.  Finally, the plaintiff stated his belief that it would have been Chris Dickerson who fired him, had his work been substandard.

## Standard of Review

Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986) (quoting *Fed.R.Civ.P.* 56(c)). There is no genuine issue for trial if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587(1986).  In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## Analysis

It is true, as Dickerson Mgmt. states, that an employer/employee relationship is a necessary component for a Jones Act negligence claim. *Wheatly v. Gladden,* 660 F.2d 1024,1026 (4th Cir. 1981) (citing *Cosmopolitan Shipping Co. v. McAllister,* 337 U.S. 783 (1949)).  It may also be true, as Dickerson Mgmt. argues, that only one employer may be held liable under the Jones Act.[1]  *See* Def. Dickerson Mgmt.'s Mem. of Law in Supp. of its Mot. for Summ. J. at 4; *see also, Cosmopolitan*

---

[1]Dickerson Mgmt. could  be taken as arguing not simply that only one employer can be held liable, but further that only one employer for any given time period can be named in the complaint. The Fourth Circuit's statement in *Wheatly,* that the jury could have properly found either of two employers to be the plaintiff's Jones Act employer, forecloses this argument.  *Id.* at 127.  ("The evidence produced a classic jury issue on the question of whether Gladden or Travers was the actual employer.") In any case, this Court could not resolve which employer (Dickerson Mgmt. or Aquila Dock) was the relevant Jones Act employer based on the current record.

*Shipping* at 791. There remain, however, genuine issues of material fact that must be resolved before the Court can decide the plaintiff's claims against Dickerson Mgmt.

The Fourth Circuit Court of Appeals has set out a non-exhaustive list of factors to be considered when assessing employer/employee status under the Jones Act. *Wheatly* at 1026. These include – "the degree of control exercised over the details of the operation, the amount of supervision, the amount of investment in the operation, the method of payment, and the parties understanding of the relationship. *Id.* In *Wheatly,* the Fourth Circuit also advised that the determining whether an employer/employee relationship exists is "normally a factual one within the province of a jury." *Id.* The parties dispute, at the very least, how much control Dickerson Mgmt. exercised over the details of the operation and the amount of supervision that Dickerson Mgmt. had over the plaintiff. Because the plaintiff received his paycheck from Dickerson Mgmt., it would appear that the "method of payment" factor would weigh against that defendant. Further, the parties clearly have very different understandings of the relationship between them. The existence of these unresolved issues of fact make it impossible for the Court to grant summary judgment in favor of Dickerson Mgmt.

The disputed facts on record also preclude the Court from finding that Dickerson Mgmt. is entitled to summary judgment on the claim for unseaworthiness. "[T]he obligation of seaworthiness 'is peculiarly and exclusively the obligation of the owner,' or the owner *pro hac vice*." *Bowens v. Union Concrete Pipe Co.*, 299 F.Supp. 1109, 1111 (S.D. W.Va. 1969) (citing *Seas Shipping Co. Inc. v. Sieracki*, 328 U.S. 85, 100 (1946)). Here, there is no dispute over the true ownership of the vessel – the M/V Heritage was owned at all relevant points by Aquila Dock. However, an operator of a vessel may be liable as an owner *pro hac vice* if the operator receives full possession and control of

the vessel from the true owner. *See Reed v. Steamship Yaka*, 373 U.S. 410, 412 (1963).  If the plaintiffs allegations are true, that the crew and pilot of the vessel were all employed by and under the direction of Dickerson Mgmt., this could be enough to find the defendant was an owner *pro hac vice*.  Consequently, the Court is unable to grant partial summary judgment on the claim of unseaworthiness.

### Conclusion

For the reasons explained above, the Court **DENIES** defendant, Dickerson Management Services Inc.'s Motion for Summary Judgment (Doc. 43.).  The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER:        November 26, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE